UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In Re:                                    )
                                          )
    Claudette Dunner Reese      )    CASE NO. 05-2646-TOM-7
                                          )
        Debtor

## MEMORANDUM OPINION AND ORDER
## DENYING   DEBTOR'S MOTION IN PART
## AND GRANTING MOTION IN PART

      This case is before the Court on Debtors' Motion to Reopen.  It appears that no notice and hearing is necessary for the resolution of this motion.  This Court has jurisdiction. 28 U.S.C. §1334(b).  This is a core proceeding.  28 U.S.C. §157(b)(2)(A).  The Court has considered the motion and has taken judicial notice of the contents of the court file pursuant to Federal Rule of Evidence 201 and finds and concludes as follows.  The debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 16, 2005.  March 16, 2005, this Court issued a notice pursuant to Rule 2002(e) of the Federal Rules of Bankruptcy Procedure indicating that there appeared to be no assets available from which distributions could be made and directing creditors not to file a proof of claim until they received a notice from the Court to do so.  No notice to file claims was ever issued.  The trustee filed his Final Report on April 15, 2005.  An order discharging the debtors from all dischargeable debts was entered on June 23, 2005 and the case was closed on June 23, 2005.

      On January 17, 2008 Caudette Dunner Reese ("Debtor") filed  a Motion to Reopen Case and paid the filing fee of $260.00. (Proceeding No.12)  In that motion, the debtors requested that the case be reopened to amend the schedules to add debts that preexisted the filing of the Chapter 7 case and to avoid judicial liens that were unknown to the Debtor.  Pursuant to 11 U.S.C. §350, a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause."  As to the request to reopen to amend the schedules to add a debt, the Court presumes that the debtor is concerned that the debts were not discharged because of the failure to properly list them in the schedules.  The listing of a debt in the schedules is not a condition of its discharge under 11 U.S.C. §727.  That section provides that the debtor is "discharged . . .  from all debts that arose before the date of the order for relief."  Nothing in §727 prevents an unscheduled debt from being discharged.   There is no indication that either the debtor or the creditors wish to file an adversary proceeding regarding the dischargeability of the debt in question.

      Therefore, the Court concludes that as to the request to reopen to add creditors, cause does

1

not exist for the case to be reopened. Any debts which were dischargeable were discharged by the Court's order of January 23, 2006.[1]

As to the second alleged reason for reopening the case, to file motions to avoid liens, it appears the motion is due to be granted in part to allow the Debtor to file these motions unless a creditor objects to the reopening. Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that the Motion to Reopen Case is **DENIED** in so far as the Motion seeks to reopen to add creditors and the Motion to Reopen is **GRANTED** as to the request to file Motions to Avoid Liens unless a creditor or party in interest objects within 20 days of the date of the entry of this Order. In the event an objection to the Motion to Reopen is filed, a hearing will be scheduled by a subsequent notice.

Dated this the 18th day of January, 2008.

/s/ **Tamara O. Mitchell**
TAMARA O. MITCHELL
United States Bankruptcy Judge

xc:   Debtors
      Lois Beasley-Carlisle, Attorney for Debtor
      Andre' M. Toffel, Chapter 7 Trustee
      All Creditors

---

[1] The Court would cite the parties to the decision on this issue which was previously entered in In re Coleman, Case No. 93-03514-TOM-7, December 29, 1995, for more in depth analysis of the issue of reopening Chapter 7 cases to amend schedules.

Case 05-02646-TOM7    Doc 17    Filed 01/22/08    Entered 01/22/08 14:57:12    Desc Main
Document      Page 2 of 2